208 A.2d 522.

OPINION TO THE HOUSE OF REPRESENTATIVES.

MARCH 31, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

REQUEST FOR AN OPINION submitted by House of Representatives and relating to proposed legislation to provide for amendment of home rule charter by an appointive commission, considered and question answered as appears in following advisory opinion.

March 31, 1965

To the Honorable, the House of Representatives
    of the State of Rhode Island and
        Providence Plantations

We have received from Your Honors a resolution requesting, in accordance with the provisions of sec. 2 of art. XII of amendments to the state constitution, our written opinion upon the following question pursuant to House Resolution No. 1102:

> "Would an act of the general assembly, by its terms applicable to only one city, requiring the submission to the qualified electors of such city every six years the following proposition:
>
> 'Shall a commission be appointed to amend, alter or revise the charter?'
>
> violate article XXVIII sections 4, 6, 7 or 8 of the amendments to the constitution of the state where such city has adopted a home rule charter, so-called, pursuant to said article XXVIII of said amendments, and notwithstanding that such act of the general assembly is not to take effect unless approved by a majority of the qualified electors of said city voting thereon at the next general election?"

In our opinion the proposed act would violate art. XXVIII, sec. 8. We must therefore answer your question in the affirmative.

Article XXVIII, sec. 4, prescribes the powers of the general assembly after a home rule charter, so called, has been duly adopted by a city or town. This question was discussed generally in *Opinion to the House of Representatives*, 79 R. I. 277, at page 280, where the justices in that case described the power of the general assembly as follows:

"On the other hand *after* the qualified electors of a city or town have duly adopted such a home rule charter the relative status of that city or town to the general assembly becomes changed in certain limited respects. For example, in such circumstances the general assembly no longer would have the right to legislate, even by a general act, if it would change the *form* of government under a home rule charter adopted by the qualified electors of such a city or town. But the general assembly would retain its exclusive power to legislate by general or special acts in granting to a city or town authority 'to levy, assess and collect taxes or to borrow money * * *.' This power is expressly reserved to the general assembly under section 5 of said article XXVIII.

"Further, notwithstanding such an adoption of a home rule charter, the general assembly may exercise its power to legislate for cities and towns even in 'all local matters,' but that must be done (1) by a general act applicable to all cities and towns alike and be subject to the express provision that such general act 'shall not affect the form of government of any city or town,' article XXVIII, section 4; or (2) by enacting special legislation directed to a particular city or town, subject to the condition that the act shall not become effective until it has been duly approved 'by a majority of the qualified electors of the said city or town voting at a general or special election * * *,' article XXVIII, section 4. Such an act also would be subject to the further provision that if it involves the imposition of a tax or the expenditure of money by a town, as distinguished from a city, it must be submitted to and be approved by those electors in said town who are qualified to vote upon a proposition to impose a tax or for the expenditure of money."

Article XXVIII, secs. 6 and 7, prescribe the procedure which a city or town must follow to adopt a charter under the power granted by the home rule amendment. Section 8, which provides for amendments to a charter under art. XXVIII, reads as follows:

"The legislative body of any city or town may pro-
pose amendments to a charter which amendments shall
be submitted for approval in the same manner as pro-
vided in this article for the adoption of a charter ex-
cept that the same may be submitted at a special
election * * *."

The issue raised by your question, as we understand the
same, is whether the proposed act of the general assembly
is authorized under sec. 4, or whether it is in fact an attempt
to enact a different method to amend the charter of a mu-
nicipality from that provided in art. XXVIII. If it is the
latter, it comes within the contemplation of sec. 8.

In our opinion the proposed act providing for the auto-
matic submission of the proposed question every six years
is not an exercise of any of the powers vested in the gen-
eral assembly by virtue of sec. 4; the proposed act would
establish a different method for amending the charter of a
municipality without following the procedure prescribed in
sec. 8. This is clearly violative of all sections to which our
attention has been directed since it purports to enlarge the
procedure set forth in art. XXVIII. See *Opinion to the
House of Representatives, supra,* at page 283, where the
justices said:

"Once a home rule charter has been duly adopted by
the qualified electors of a city or town in accordance
with the provisions of article XXVIII of the amend-
ments, it may be amended only as provided in said
article."

We respectfully submit our answer as above set forth.

FRANCIS B. CONDON
THOMAS H. ROBERTS
THOMAS J. PAOLINO
WILLIAM E. POWERS
ALFRED H. JOSLIN